IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PORFIRIO CORIA-DELGADO, | :: | MOTION TO VACATE |
|     Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:02-CR-0035-HLM-WEJ-4 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:16-CV-0351-HLM-WEJ |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Porfirio Coria-Delgado's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [643] ("Motion to Vacate") and the government's Response [647]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as barred by Mr. Coria-Delgado's plea agreement, and that the Court **DECLINE** to issue a certificate of appealability.

**I.    PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a fifth superseding indictment [358] against Mr. Coria-Delgado and twelve co-defendants, charging Mr. Coria-Delgado in Count One with conspiracy to distribute and to possess

with the intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii), and in Count Two with conducting or directing an unlicenced money transmitting business, in violation of 18 U.S.C. § 1960(a). Mr. Coria-Delgado pleaded guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. (Guilty Plea and Plea Agreement [634]; Plea Tr. [645].) The plea agreement included an appeal waiver provision, which provided that Mr. Coria-Delgado

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Mr. Coria-Delgado] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Guilty Plea and Plea Agreement at 11.) This provision of the plea agreement further provided that Mr. Coria-Delgado could file a cross appeal if the government appealed the sentence. (Id.) Mr. Coria-Delgado signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to

2

>plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 12-13.)

At the plea hearing, Mr. Coria-Delgado was sworn in and testified through an interpreter. (Plea Tr. 2, 4.) The Court explained to Mr. Coria-Delgado the rights he was giving up in pleading guilty, and Mr. Coria-Delgado stated that he understood. (Id. at 4-6.) Mr. Coria-Delgado then confirmed that he understood the nature of the charge against him. (Id. at 6-10.) The Court next instructed Mr. Coria-Delgado that he faced a possible maximum sentence of forty years of imprisonment and a mandatory minimum sentence of five years of imprisonment. (Id. at 11.) The Court further explained that it would take into account the sentencing guidelines and other factors to determine a fair and reasonable sentence. (Id. at 13-18.) Mr. Coria-Delgado then confirmed that he still wanted to plead guilty and that no one had threatened, coerced, or otherwise persuaded him to do so. (Id. at 18.) The prosecutor summarized the terms of the plea agreement and read the appeal waiver provision, and Mr. Coria-Delgado confirmed that the prosecutor's summary represented his "understanding of the total and complete agreement." (Id. at 20-23.) The Court then advised Mr. Coria-Delgado that he could not withdraw his plea if the Court elected not to follow a

3

sentencing recommendation contained in the plea agreement, and Mr. Coria-Delgado confirmed that he understood.  (Id. at 24-25.)  The Court then reviewed the terms of the appeal waiver provision of the plea agreement and its consequences, and Mr. Coria-Delgado affirmed that he wanted to "stick by this written agreement."  (Id. at 25-28.)  Mr. Coria-Delgado then confirmed that he had enough time to talk with his lawyer about the case.  (Id. at 28.)  Next, the prosecutor summarized what the evidence would show if the case went to trial, and Mr. Coria-Delgado agreed with those facts.  (Id. at 29-30.)  The Court accepted Mr. Coria-Delgado's plea.  (Id. at 31.)

At the sentencing hearing, the Court determined that Mr. Coria-Delgado's guideline range was 97 to 121 months of imprisonment and sentenced him to 97 months of imprisonment.  (Sentencing Hr'g Tr. [646], at 11; J. [641].)  Mr. Coria-Delgado did not file a direct appeal.

Mr. Coria-Delgado timely filed the instant Motion to Vacate, seeking some relief from his sentence based on his personal characteristics and the circumstances of his case.  (Mot. Vacate, Attach. [643-1].)  The government responds the Motion to Vacate should be denied based on Mr. Coria-Delgado's valid appeal waiver.  (Resp. 1, 8-10.)

4

## II. DISCUSSION

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted).

> [F]or a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."

Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). A valid appeal waiver, entered into freely and voluntarily, pursuant to a negotiated plea agreement, precludes the defendant from challenging the Court's determinations at sentencing. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

At the plea hearing, the Court specifically questioned Mr. Coria-Delgado about the appeal waiver, and it is clear that Mr. Coria-Delgado understood the full significance of the waiver. (Plea Tr. 22-23, 25-28.) Accordingly, the undersigned finds that Coria-Delgado voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e. a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Thus, Mr. Coria-

5

Delgado's request for a lower sentence, his sole ground for relief, is barred by his valid appeal waiver. Bascomb, 451 F.3d at 1294; Williams, 396 F.3d at 1342; Weaver, 275 F.3d at 1333.

### III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because Mr. Coria-Delgado cannot show that reasonable jurists could debate that his ground for relief is barred by his valid appeal waiver, the Court should deny a certificate of appealability.

6

AO 72A
(Rev.8/82)

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [643] be **DISMISSED** as barred by his plea agreement and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 25th day of January, 2017.

'

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE