IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PORFIRIO CORIA-DELGADO,

v.

UNITED STATES OF AMERICA.

CRIMINAL ACTION FILE
NO.: 4:02-CR-035-04-HLM-WEJ

CIVIL ACTION FILE NO.:
4:16-CV-0351-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [643], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [648], and on Petitioner's Memorandum in Support of Motion 2255, which

AO 72A
(Rev.8/8
2)

the Court construes as Petitioner's Objections to the Final Report and Recommendation [651].[1]

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir.

---

[1]The Clerk docketed this filing as a reply in support of Petitioner's § 2255 Motion. If the document is intended as a reply brief, it is clearly untimely, as the Government filed its response on December 19, 2016, and the document is dated February 8, 2017.

2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On September 16, 2013, a federal grand jury sitting in the Northern District of Georgia returned a fifth superseding indictment against Petitioner and twelve co-defendants.

(Fifth Superseding Indictment (Docket Entry No. 358).) Count one of the fifth superseding indictment charged Petitioner and his co-defendants with conspiring to distribute and to possess within intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). (Id. at 1-3.) Count two of the fifth superseding indictment charged Petitioner and four co-defendants with conducting or directing an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a), 31 U.S.C. § 5330, and 18 U.S.C. § 2. (Id. at 3-4.)

On April 21, 2016, Petitioner pleaded guilty to count one. (Minute Entry (Docket Entry No. 633); Plea Agreement (Docket Entry No. 634).) The Plea Agreement provided, in relevant part:

4

> 26. LIMITED WAIVER OF APPEAL: To the maximum extend permitted by federal law, [Petitioner] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Petitioner] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. [Petitioner] understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, [Petitioner] may file a cross-appeal of that same sentence.

(Plea Agreement at 11 (capitalization in original).)

Petitioner also signed a certification stating, in relevant part:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the

> Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.

(Id. at 13.) As Judge Johnson noted, the Court thoroughly discussed the appeal waiver provision with Petitioner at Petitioner's plea hearing. (Final Report & Recommendation at 3-4; see also Plea Hr'g Tr. (Docket Entry No. 645) at 25-28 (containing the Court's discussion of the appeal waiver provision with Petitioner).)

On July 15, 2016, the Court sentenced Petitioner to ninety-seven months of imprisonment, the bottom end of Petitioner's sentencing guidelines range as determined by the Court. (Sentencing Hr'g Tr. (Docket Entry No. 646) at 11, 17; Judgment & Commitment (Docket Entry No. 641).)

6

Petitioner did not file a direct appeal. (See generally Docket.)

On November 28, 2016, the Clerk received Petitioner's § 2255 Motion. (§ 2255 Mot. (Docket Entry No. 643).) On January 25, 2017, Judge Johnson issued his Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 648).) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.) The Court concludes that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that the appeal waiver provision set forth in Petitioner's Plea Agreement bars this § 2255 Motion. (Final Report & Recommendation at 5-6.) For that reason, nothing in Petitioner's Objections

AO 72A
(Rev.8/8

or reply brief warrants a different conclusion.[2]  Further, for the reasons set forth in the Final Report and Recommendation, the Court declines to issue a certificate of appealability.  (Id. at 6.)  The Court therefore adopts the

---

[2] If Petitioner is upset about the Bureau of Prisons not placing him in a facility that has a residential drug abuse program ("RDAP"), he should first pursue his administrative remedies within the Bureau of Prisons, and, then if necessary, address that issue in a 28 U.S.C. § 2241 petition filed in the district in which he is incarcerated.  The Court cannot simply modify his sentence to reduce it by a year or direct that Petitioner receive a year's credit on his sentence, and the Court has no authority to direct that Petitioner be moved to another Bureau of Prisons facility.  18 U.S.C. § 3582(c); see also Westine v. Scott, 356 F. App'x 254, 255 (11th Cir. 2009) (per curiam) (noting that a prisoner must file a 28 U.S.C. § 2241 petition in the judicial district where he is incarcerated); Martin v. Zenk, 244 F. App'x 974 (11th Cir. 2007) (per curiam) (requiring that a prisoner challenging the Bureau of Prison's denial of his request to be transferred to a RDAP exhaust his administrative remedies before filing a petition under 28 U.S.C. § 2241); Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995) ("[T]he Attorney General through the BOP, and not district courts, is authorized to compute sentence credit awards after sentencing."); Alvarez v. Wells, No. CV 312-103, 2013 WL 325239, at *2 (S.D. Ga. Jan. 2, 2013) ("[T]he Court notes that, while sentencing judges are free to make recommendations as to a federal prisoner's place of designation and participation in rehabilitative programs, it is the BOP, not the sentencing judge, who has the final say on these matters.").

Final Report and Recommendation, overrules Petitioner's Objections, and denies Petitioner's § 2255 Motion.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [648], **OVERRULES** Petitioner's Objections [651], and **DENIES** Petitioner's § 2255 Motion [643]. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:16-CV-0351-HLM-WEJ.

IT IS SO ORDERED, this the 13 day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE